UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| Candace Sergi, <br><br> Plaintiff, <br> v. <br><br> Pinnacle Asset Group, L.L.C.; and DOES 1-10, inclusive, <br><br><br> Defendant. | Civil Action No.: _____ <br><br><br><br> **COMPLAINT** |

For this Complaint, the Plaintiff, Candace Sergi, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), Maine Fair Debt Collection Practices Act, 32 M.R.S.A. § 11001, et seq. ("MFDCPA") and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the U.S. District Court for the District of Maine pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of Maine.

## **PARTIES**

4. The Plaintiff, Candace Sergi ("Plaintiff"), is an adult individual residing in Hampden, Maine, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Pinnacle Asset Group, L.L.C. ("Pinnacle"), is a New York business entity with an address of 3221 Southwestern Blvd, Suite 305, operating as a collection agency,

and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Pinnacle and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Pinnacle at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Plaintiff incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Pinnacle for collection, or Pinnacle was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **Pinnacle Engages in Harassment and Abusive Tactics**

**FACTS**

12. Within the last year, Pinnacle contacted the Plaintiff in an attempt to collect the Debt.

13. On or about April 12, 2012 Pinnacle spoke with Plaintiff and told her that it would take legal action against Plaintiff and garnish her wages if she did not commit to a payment arrangement towards the Debt within the following twenty-four hours.

14. Upon information and belief Pinnacle has not taken legal action against Plaintiff as of this date.

15. Pinnacle placed several calls to Plaintiff's son, a third party, after its April 12th conversation with Plaintiff in which it stated that it was allegedly taking legal action against Plaintiff. Further, Pinnacle had a working telephone number for Plaintiff at this time.

16. Pinnacle told Plaintiff's son that it was contacting him regarding a "legal matter" and/or a "lawsuit," involving the plaintiff.

17. Plaintiff's son asked Pinnacle to cease contacting him regarding the Plaintiff however Pinnacle continued to press Plaintiff's son for information about the plaintiff despite already having made contact with the plaintiff and knowing how and where to contact the plaintiff.

18. Pinnacle "Legal Assistant" "Zach Chambers" faxed a letter to Plaintiff's place of employment on or about May 1, 2012 entitled "Verification Employment History" which demanded that Plaintiff's place of employment provide Pinnacle with Plaintiff's current salary, position and the date of hire.

19. Pinnacle has placed as many as eight calls a day to Plaintiff in an attempt to

collect the Debt.

C. **Plaintiff Suffered Actual Damages**

20. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment. She feels intimidated and fearful that her wages will be garnished, and is embarrassed and ashamed due to the contact the defendant made with her son and with her employer.

22. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information.

25. The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of the Plaintiff's debt and stated that the Plaintiff owed a debt when the defendant called the plaintiff's who is not a party to the debt and after the defendant already knew how and where to locate the plaintiff.

26.     The Defendant's conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so.

27.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in that the defendant contacted the plaintiff subsequent to having already spoken with the plaintiff about the debt and with knowledge that calling the plaintiff again the same day would not yield a different result from the earlier call to the plaintiff.

28.     The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used abusive language when speaking with the consumer when the defendant told the plaintiff that they would take legal action and garnish her wages when in fact the defendant had no legal basis to claim that they could garnish the plaintiff's wages and the defendant never instituted legal process.

29.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass because the defendant called the plaintiff multiple times per day knowing that they had already spoken with the plaintiff and that repeated telephone calls after having already spoke with the plaintiff could serve no legitimate purpose related to collection of the debt when the defendant already knew and had learned that the plaintiff would not pay from the prior telephone communication with the plaintiff .

30.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the debt, in that the defendants continuously changed the amount of the debt that was allegedly owed multiple times when

5

speaking with the plaintiff.

31. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with garnishment if the debt was not paid when in fact the defendant had no legal right to garnish the wages and thus no right to threaten garnishment.

32. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so which is evident by the fact that the defendant never instituted any legal action against the plaintiff.

33. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt, when the defendant falsely stated the amount of the debt on many different occasions, and when the defendant falsely stated that they would/could garnish the plaintiff's wages, and when the defendant threatened legal action which they never intended to take, and indeed to this date never have taken.

34. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

35. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE MFDCPA - 32 M.R.S.A. § 11001, et seq.

36. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set herein at length.

37. The Plaintiff is a "consumer" as the term is defined by 32 M.R.S.A. § 11002(3).

38. The Plaintiff incurred a "debt" as the term is defined by 32 M.R.S.A. § 11002(5).

39. The Defendants are a "debt collector" as the term is defined by 32 M.R.S.A. § 11002(6).

40. The Defendants' conduct violated 32 M.R.S.A. § 11011(1)(A) in that Defendants

contacted third parties and failed to identify themselves and further failed to confirm or correct location information.

41. The Defendants' conduct violated 32 M.R.S.A. § 11011(1)(B) in that Defendants informed third parties of the nature of the Plaintiff's debt and stated that the Plaintiff owed a debt.

42. The Defendants' conduct violated 32 M.R.S.A. § 11011(1)(C) in that Defendants contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so.

43. The Defendants' conduct violated 32 M.R.S.A. § 11013(1)(B) in that Defendants used profane and abusive language when speaking with the consumer.

44. The Defendants' conduct violated 32 M.R.S.A. § 11013(1)(E) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

45. The Defendants' conduct violated 32 M.R.S.A. § 11013(2)(B)(1) in that Defendants misrepresented the character, amount and legal status of the debt.

46. The Defendants' conduct violated 32 M.R.S.A. § 11013(2)(D) in that Defendants threatened the Plaintiff with garnishment if the debt was not paid and such an action was either not legally possible, or contemplated by the Defendant.

47. The Defendants' conduct violated MRSA 11013(2)(D),(E) in that Defendants threatened to take legal action, without actually intending to do so.

48. The Defendants' conduct violated 32 M.R.S.A. § 11013(2)(J) in that Defendants employed false and deceptive means to collect a debt.

49. The foregoing acts and omissions of the Defendants constitute numerous and

multiple violations of the MFDCPA, including every one of the above-cited provisions.

50. The Plaintiff is entitled to damages as a result of Defendants' violations

## COUNT III
## VIOLATIONS OF MAINE'S UNFAIR TRADE PRACTICES ACT,
## 5 M.R.S.A. § 205-A, et seq.

51. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set herein at length.

52. The Plaintiff is a "person" 5 M.R.S.A § 206(1).

53. The Debt arose from the advertising, offering for sale, sale or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity or thing of value, and meets the definition of a "trade" and "commerce" under 5 M.R.S.A § 206(3).

54. The Defendants' conduct violated M.R.S.A § 207 in that Defendants engaged in unfair or deceptive acts or practices in their attempt to collect the Debt.

55. The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants awarding the Plaintiff:

1. Actual damages including, but not limited to, the emotional distress the Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA and MFDCPA violations and intentional, reckless, and/or negligent invasions of privacy pursuant to 15 U.S.C. § 1692k(a)(1) and 32 M.R.S.A. § 11054(1)(A);

8

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) and 32 M.R.S.A. § 11031(1)(B);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), 32 M.R.S.A. § 11031(1)(D) and 5 M.R.S.A. § 213(2);

4. Punitive damages; and

5. Such other and further relief that the Court may deem just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 14, 2012

                                              Respectfully submitted,

                                              By ___/s/ Edwinna Vanderzanden___

                                              Edwinna Vanderzanden, Esq.
                                              Maine Bar # 002910
                                              Evanderzanden@gss-lawyers.com
                                              Getman, Schulthess & Steere, P.A.
                                              1838 Elm Street
                                              Manchester, NH  03104
                                              (603) 634-4300

                                              **Of Counsel to**
                                              Lemberg & Associates, LLC
                                              1100 Summer Street
                                              Stamford, CT 06905
                                              (203) 653-2250